**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ELECTRONIC PRIVACY INFORMATION CENTER**
**1718 Connecticut Avenue, N.W.**
**Suite 200**
**Washington, D.C. 20009,**

**Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT OF TRANSPORTATION**
**1200 New Jersey Avenue, S.E.**
**Washington, D.C. 20590**

**Defendant.**

**Civil Action No. ____________**

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records requested by Plaintiff Electronic Privacy Information Center ("EPIC"), from Defendant United States Department of Transportation ("DOT").

2. Specifically, EPIC challenges the failure of the DOT to disclose non-exempt records in possession of the agency in response to EPIC's November 6, 2015, Freedom of Information Act Request ("EPIC FOIA Request"). EPIC's FOIA Request sought all records related to the November 2015 meeting of the Unmanned Aircraft System Registration Task Force. EPIC seeks an order requiring disclosure, as soon as practicable, of all responsive, non-exempt records.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(A)(vii), (a)(4)(B), and (a)(6)(C)(i). This Court has personal jurisdiction over Defendant DOT. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff EPIC is a public-interest research organization incorporated as a 501(c)(3) non-profit corporation based in Washington, D.C. EPIC conducts government oversight and analyzes the impact of government programs on civil liberties and privacy interests. EPIC publishes books, reports, and bi-weekly newsletters. EPIC also maintains a popular privacy website, epic.org, where EPIC publishes educational resources about emerging privacy and civil liberties issues, including documents obtained from federal agencies under the FOIA. EPIC routinely disseminates information to the public through its website and through a bi-weekly electronic newsletter, the EPIC Alert, as well as other media outlets. EPIC is a representative of the news media.

5. Defendant DOT is a federal agency within the meaning of the FOIA, 5 U.S.C. § 552(f)(1). Defendant DOT is headquartered in Washington, D.C.

**Facts**

**The DOT's Unmanned Aircraft System Registration Task Force**

6. On October 19, 2015, U.S. Transportation Secretary Anthony Foxx and Federal Aviation Administration ("FAA") Administrator Michael Huerta announced the development of a registry, maintained by the FAA, for the listing of civilian unmanned aircraft systems (known colloquially as "drones"), weighing under 55 pounds.[1]

---

[1] Press Release, U.S. Dep't of Transp., U.S. Transportation Secretary Anthony Foxx Announces Unmanned Aircraft Registration Requirement (Oct. 19, 2015),

7. Also on October 19, 2015, Secretary Foxx and Administrator Huerta announced the creation of the Unmanned Aircraft Systems Registration Task Force Aviation Rulemaking Committee ("Task Force").[2]

8. Secretary Foxx and Administrator Huerta stated that the Task Force would "develop recommendations for a registration process" for drones.

9. The Task Force's charter required it to develop and recommend (a) "minimum requirements for [drones] that would need to be registered," (2) "registration processes," and (3) "methods for proving registration and marking."

10. Secretary Foxx directed the Task Force to deliver its report by November 20, 2015.

11. On October 29, 2015, Administrator Huerta announced the membership of the Task Force, which did not include any public interest organizations or privacy experts.[3]

12. In the same press release, Administrator Huerta announced that the Task Force would meet formally from November 3 to November 5, 2015, "before developing recommendations on a streamlined registration process and minimum requirements on which unmanned aircraft should be registered."

13. As stated in the Task Force's charter, set out by the FAA and the DOT, meetings of the Task Force "are not open to the public."

14. The Task Force met November 3 – 5, 2015.

15. The Task Force released its Final Report on Drone Registration on November 21, 2015.[4]

---

https://www.transportation.gov/briefing-room/us-transportation-secretary-anthony-foxx-announces-unmanned-aircraft-registration#sthash.zWbiwpfl.dpuf.

[2] U.S. Dep't of Transp., *UAS Registration Task Force Aviation Rulemaking Committee Charter* (Oct. 20, 2015), http://www.faa.gov/regulations_policies/rulemaking/committees/documents/media/UASRTFARC-102015.pdf.

[3] Press Release, FAA, Huerta Announces UAS Registration Task Force Members (Oct. 29, 2015), https://www.faa.gov/news/updates/?newsId=84125.

**EPIC's FOIA Request**

16. On November 6, 2015, EPIC submitted, via fax, a FOIA Request to the Departmental FOIA Office of the DOT.

17. EPIC's FOIA Request sought "[a]ll documents related to the November 3-5, 2015 Task Force meeting, including, but not limited to, meeting minutes, paper or electronic handouts, and presentations."

18. EPIC requested expedited processing of the FOIA Request.

19. EPIC sought "News Media" fee status as a "representative of the news media."

20. EPIC also sought a waiver of all duplication fees.

21. On November 9, 2015,[5] EPIC received a letter from DOT acknowledging receipt of EPIC's FOIA Request and assigning it "File Nos. [*sic*] 2016-41." The letter stated that "all FOIA requests will be handled on a first-in/first-out basis" and that EPIC's FOIA Request "will be addressed in the order it was received." The letter provided no determination about EPIC's FOIA Request or its requests for News Media fee status, fee waiver, and expedited processing.

22. The DOT has not made any determination regarding EPIC's FOIA Request, or its requests for News Media fee status, fee waiver, and expedited processing, and has not produced any responsive records.

**EPIC's Constructive Exhaustion of Administrative Remedies**

23. It has been 147 days since the DOT received EPIC's FOIA Request.

24. The DOT has failed to make a determination regarding EPIC's FOIA Request within the time period prescribed by 5 U.S.C. §§ 552(a)(6)(A)(i) and (a)(6)(E)(ii).

---

[4] Unmanned Aircraft Systems (UAS) Registration Task Force (RTF) Aviation Rulemaking Committee (ARC), *Task Force Recommendations Final Report* (Nov. 2015), https://www.faa.gov/uas/publications/media/RTFARCFinalReport_11-21-15.pdf.

[5] The letter was incorrectly dated October 23, 2015; EPIC submitted its request to the agency on November 6, 2015.

25. The DOT's failure to make a determination within the statutory limit violates the FOIA.

26. EPIC has constructively exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## Count I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

27. Plaintiff EPIC asserts and incorporates by reference paragraphs 1-26.

28. Defendant DOT has failed to make a determination regarding EPIC's FOIA Request within twenty business days, and has thus violated the deadline under 5 U.S.C. § 552(a)(6)(A)(i) and 49 C.F.R. § 7.31(a)(2).

29. EPIC has constructively exhausted all applicable administrative remedies with respect to EPIC's FOIA Request.

## Count II

### Violation of FOIA: Failure to Grant Expedited Processing

30. Plaintiff EPIC asserts and incorporates by reference paragraphs 1-26.

31. EPIC is an organization primarily engaged in the dissemination of information, and there is an urgency to inform the public about the substance of the Task Force's November 2015 meetings.

32. Defendant DOT has failed to grant EPIC's request for expedited processing of the FOIA Request to which EPIC is entitled under 5 U.S.C. § 552(a)(6)(E)(i) and 49 C.F.R. § 7.31(c)(1)(ii).

## Count III

### Violation of FOIA: Unlawful Withholding of Agency Records

33. Plaintiff EPIC asserts and incorporates by reference paragraphs 1-26.

34. Defendant DOT has wrongfully withheld agency records requested by EPIC.

35. EPIC has constructively exhausted applicable administrative remedies with respect to DOT's withholding of the requested records.

36. EPIC is entitled to injunctive relief with respect to the release and disclosure of the requested records.

**Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant to conduct a reasonable search for all responsive records;

B. Order Defendant to disclose to Plaintiff, as soon as practicable, all responsive, non-exempt records;

C. Order Defendant to produce a *Vaughn* Index identifying any records or portions of records withheld, if such records exist, stating the statutory exemption claimed and explaining how disclosure would damage the interests protected by the claimed exemption;

D. Order Defendant to produce the records sought without the assessment of search fees;

E. Order Defendant to grant Plaintiff's request for a fee waiver;

F. Award Plaintiff costs and reasonable attorneys' fees incurred in this action; and

G. Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

Marc Rotenberg, D.C. Bar # 422825
EPIC President

Alan Butler, D.C. Bar # 1012128
EPIC Senior Counsel

By: */s/ T. John Tran*
T. John Tran, D.C. Bar # 1027767
ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: April 4, 2016